Curia.

The bill of lading, which is set forth in the case, contains, in effect, two distinct contracts between these parties. The first, for the transportation of the goods on the outward passage, differs in nothing from a common bill of lading. The goods were to be carried on the account and risk of the plaintiffs, and to be delivered to their consignee upon the payment of the stipulated freight. The plaintiffs, then, instead of having the net proceeds invested there in other goods to be shipped home on their account and risk, make a further contract with the defendant, by which those proceeds were to be loaned to the ship-owners on the terms expressed in the bill of lading. These terms very nearly resemble the those of a loan on respondentia.
If merchandise had been shipped home in the usual course, on the account and risk of the plaintiffs, they could recover nothing in case the ship had been lost. It was very natural, therefore, to agree that, in the like event, they should be paid nothing by the borrowers. The defendant was not bound by this contract to dispose of those proceeds in any particular manner. He might have expended the whole in repairs of the ship, or other charges of the voyage; or have invested the money in goods, to be shipped in this vessel, or in any other. The disposition which the defendant *499 might make of the money did not concern the plaintiffs, and had no necessary connection with the homeward voyage.
* Accordingly, the plaintiffs take no chance of gain or [ * 513 ] loss, arising from the future negotiations of the defendant respecting it. There is nothing pledged to them, and nothing, either in the vessel or cargo, in which they have any property or interest. There is, therefore, no occasion for any stipulations for the allowance of partial losses, or for claims for salvage. The plaintiffs are to have the proceeds of their goods brought home and delivered to them without any charge for freight or other expenses; and they are exempted from any loss, which they might have incurred, if goods had been purchased for them, to be sold here; in consideration of which they give to the borrowers all chance of gain on the like purchases and sales, and also give them credit for the money, without interest, until ninety days after the termination of the voyage.
This appears to be the true nature and construction of the contract. It is, in effect, a loan on the personal responsibility of the defendant and his principals, to be repaid in full, if the ship arrives at her port of discharge in the United States.
The only question, then, is, whether the ship has so arrived, according to the intent and meaning of this contract. Of this there can be no doubt on the construction already given to the contract. The plaintiffs’ claim did not depend on her arriving without damage, or within any given time. Though New York was the intended port of discharge, the defendant might afterwards elect to discharge his cargo at any other port in the United States, which would then become the port of discharge within this contract. Even if New York were considered, under all the circumstances, as the port of discharge, the ship, after having been suitably repaired, might have gone to that port with a full cargo; and it would be no answer to this action to say that she had been delayed in her voyage three months in consequence of having been stranded. Still less would the defendant be discharged, because he thought proper not to * proceed to his port [ * 514 ] of original destination when it was in his power so to do.
The transactions of the plaintiffs with the insurers on their adventure can have no effect on this cause. If they misapprehend their legal rights under the policy of insurance, that cannot alter the construction of their contract with the defendant.
According to the agreement of the parties, the defendant must be defaulted, and judgment rendered for the plaintiffs for the net proceeds of their adventure, without any deduction, with the addb *500 tion of interest after the expiration of ninety days from the time when the vessel was Surrendered by the underwriters to the owners

Defendant defaulted.

ADDITIONAL NOTE.
[As to the effect of a bill of lading, see Lowry vs. Russell, 8 Pick. 360. — Rowley vs Bigelow 12 Pick. 307.— Crosby vs. Fitch, 12 Conn. 410. — F. H.]