## HORATIO CARTER *versus* JAMES G. CARTER.

H. C. and G. C. signed a subscription paper, by the terms of which they each agreed to pay the defendant the sums written against their names, provided he would cause an institution for the education of teachers for schools, to be established in the town where the subscribers lived. A few days afterwards the whole amount of their subscriptions was paid to the defendant, he giving a receipt therefor, which set forth, that the money was " received of H. and G. C. in payment of a subscription by them made to encourage the establishment of a seminary" &c. It was *held*, that as no time was fixed by the subscription paper within which the institution was to be established, it should have been established within a reasonable time; and that, as it was not so established, assumpsit for money had and received might be maintained against the defendant to recover back the amount paid to him.

It was *held* also, that the subscriptions of H. C. and G. C. were several, and consequently that they should bring several actions to recover back the money paid by them.

THIS was assumpsit to recover the sum of $200 with interest.

The declaration contained, 1. a count for money had and received ; 2. a count for money paid, laid out and expended, and lent and advanced ; and 3. a special count, founded on a subscription paper hereafter set forth.

The defendant pleaded the general issue.

At the trial, before *Morton* J., the plaintiff, to maintain the issue on his part, produced a subscription paper of the following tenor :

" An institution for the preparation of teachers for our common schools, seems loudly called for by the intelligent part

of the community. The subject is now before the legislature, and probably in the course of this week a grant of fifteen thousand dollars will be made to carry the plan into effect. Connected with this institution is to be a school for children of both sexes, and the various branches to be taught in the different departments of the institution, will require a number of instructors. Public opinion is settled most decidedly in favor of the scheme, and no argument is necessary to show the vast general benefit of the proposed institution, the character and importance it will give to the town where it may be situated, and the increase of population, business and wealth it will necessarily occasion. Taking these things into view, and understanding that Mr. James G. Carter is about establishing an institution of the kind we have mentioned, to be under the patronage of the State, we, the subscribers, fully impressed with the vast consequence of the measure, as regards the town of Lancaster, do most cheerfully agree to pay to him the sums written against our names, provided he will cause the institution to be established in this town. Lancaster, March 5, 1827."

This paper was subscribed by a number of persons, among whom were the plaintiff and George Carter, who, each, subscribed the sum of $ 200.

The plaintiff also produced two receipts, dated March 28, 1827, and signed by the defendant. The first was of the following tenor : " Received of H. and G. Carter three hundred and six dollars, in part payment of a subscription by them made to encourage the establishment of a seminary for the education of the young in Lancaster." By the second, the defendant acknowledged that he had " received of H. & G. Carter a note payable on demand with interest, for the sum of ninety-four dollars, being the balance due on account of a subscription by them made to encourage " &c., as in the preceding receipt.

It was admitted by the defendant, that he had not established in Lancaster any such institution as is described in the subscription paper.

The defendant objected that, upon this evidence the plaintiff could not recover ; but the objection was overruled ; and it

36 *

was thereupon ordered, that the defendant should be defaulteu. If the Court should be of opinion, that the plaintiff was enti-tled to recover, the default was to stand.

The case was argued in writing.

*Merrick* and *Smith* for the defendant. If the action is maintainable on any ground, it must be on the first count. But we contend, that it cannot be maintained even on that count.

1. Because it should have been brought by the plaintiff and George Carter jointly. The payment of the money is the gist of the action. 2 Saunders's Pl. & Ev. 672. The evidence of payment is the receipts, which were made to the plaintiff and G. Carter jointly ; and these prove that the $ 300 was paid, but do not show how much was paid by the plaintiff and how much by G. Carter. Nor does it appear by whom the note was paid. The note and the receipts show that the payment was joint ; and where a joint payment is made by two or more, they must join in an action to recover back the money paid. *May* v. *May*, 1 Carr. & Payne, 44. The circum-stance that the subscription was several is immaterial. 1 Saun-ders's Pl. & Ev. 143 ; *Eccleston* v. *Clipsham*, 1 Wms's Saund. 153, and note ; *Withers* v. *Bircham*, 3 Barn. & Cressw. 254 ; *S. C.* 5 Dowl. & Ryl. 106 ; *Anderson* v. *Martindale*, 1 East, 497.

2. The action cannot be sustained on the first count, even if the action were in its nature several. The payment was a voluntary payment of money, and was made with a full knowl-edge of all the facts and circumstances, or with the means of knowledge. By such payment, the plaintiff waived all the conditions in his favor. *Hill* v. *Green*, 4 Pick. 114 ; *Mar-riott* v. *Hampton*, 2 Esp. R. (Day's ed.) 546, and notes ; *Cartwright* v. *Rowley*, 2 Esp. R. 723 ; *Bulkley* v. *Stewart*, 1 Day's R. 130 ; *Morris* v. *Tarin*, 1 Dallas, 147 ; *Clarke* v. *Dutcher*, 9 Cowen, 674 ; *Lothian* v. *Henderson*, 3 Bos. & Pul. 520 ; *Brisbane* v. *Dacres*, 5 Taunt. 143 ; *Graham* v. *Tate*, 1 Maule & Selw. 609 ; *Skyring* v. *Greenwood*, 6 Dowl. & Ryl. 401 ; Chitty on Contr. 190 ; *Elting* v. *Scott*, 2 Johns. R. 157 ; *Hall* v. *Shultz*, 4 Johns. R. 240.

Neither can this action be sustained on the ground of a

failure of the consideration for which the money was paid. The defendant made no stipulation which he has failed to perform. When the plaintiff paid the money, if he did not intend to part with it at all events, he should have exacted of the defendant a promise to repay it, in case the defendant should not establish an institution in Lancaster for the education of school-teachers, &c.

*Hoar* and *Washburn* for the plaintiff. If the view which we take of the case is correct, the defendant holds money, which in equity and good conscience belongs to the plaintiff, and that is sufficient to sustain an action for money had and received. *Mason v. Waite,* 17 Mass. R. 560 ; *Towers v. Barrett,* 1 T. R. 133.

The action is rightly brought in the name of the plaintiff alone. 2 Saund. Pl. and Ev. 718 ; *Eccleston v. Clipsham,* 1 Saund. 153 ; *Anderson v. Martindale,* 1 East, 497 ; *Withers v. Bircham,* 3 Barn. & Cressw. 254 ; *Nelson v. Milford,* 7 Pick. 18.

The money paid may be recovered back, on several grounds.

1. It was paid upon a condition. It is true, that no time was fixed by the agreement, for the performance of the condition ; but in such case the law requires, that it shall be performed in a reasonable time. *Hayden v. Stoughton,* 5 Pick. 534 ; Com. Dig. *Condition, G* 5. This condition has never been performed, and the money paid may therefore be recovered back. *Griggs v. Austin,* 3 Pick. 22. The defendant contends that he has made no stipulation, and consequently that there has been no failure of performance on his part. But by the very acceptance of the agreement, he became a party to it. *Goodwin v. Gilbert,* 8 Mass. R. 510 ; *Phelps v. Townsend,* 8 Pick. 392 ; *Bret v. Cumberland,* Cro. Jac. 399.

2. The *only* consideration for the subscription was the benefits which would result from such an institution as was proposed. This consideration has failed, and the plaintiff may recover on this ground. *Spring v. Coffin,* 10 Mass. R. 31 ; *Woodward v. Cowing,* 13 Mass. R. 216.

3. If, as we contend, this money was paid upon a contract, by which the defendant was bound to establish the institution, he, having neglected to do this, has rescinded the contract.

and has therefore no right to retain this money. *Nockells* v *Crosby*, 3 Barn. & Cressw. 814.

4. This money was paid to the defendant, to be applied to the purposes of establishing an institution for the education of school-teachers. The defendant has never applied it to such purpose, and for this reason, also, he is bound to refund it. *Fisher* v. *Ellis*, 3 Pick. 326.

*April term 834.*

SHAW C. J. delivered the opinion of the Court. It may simplify the case, to consider it merely as a demand for money had and received on the first count; without reference to any express promise, as contained in another count.

The Court, upon the facts as they appear in the report, are of opinion, that the plaintiff is entitled to recover as for money had and received to the plaintiff's use.

Nothing is better settled than the general principle, that whenever one receives money or other property upon certain terms and conditions, such an acceptance is an act by which the party receiving is as effectually bound as he would be by an express promise. *Goodwin* v. *Gilbert*, 10 Mass. R. 510. It is equally well settled, that where one receives money of another to hold upon a condition, and the condition does not happen, whether through his own default or otherwise, or for a special purpose and that purpose is not accomplished, the party receiving cannot conscientiously retain the money, and thenceforth he holds it in trust for the party who paid it, and is bound *ex æquo et bono*, to repay it on demand. It is money had to the use of the party who paid it. And when no time is fixed for the happening of such condition or the accomplishment of such purpose, it is held by law to be a reasonable time, of which, when the facts are found, the law takes cognizance, and decides according to the subject matter, and the circumstances of the case. We consider the case of the plaintiff to be clearly within this principle. It is not contended that a reasonable time has not long since elapsed, and that if the plaintiff could ever recover back his money, he may do it now. Taking the subscription paper and the receipt together, it appears that the plaintiff undertook to pay $200, and without waiting the actual accomplishment of the purpose, did pay it to the defendant, provided he would cause the institution to be

established in Lancaster.  When the plaintiff signed this sub-
scription, he agreed to pay &c., provided &c.  This, as it
stood, was an executory contract, and had an action been
brought on it, there might have been a question of some diffi-
culty, whether the condition was precedent or subsequent.
But when the contract was executed, the condition was of
course subsequent.  To test this, suppose the promise was to
pay the money within some short limited time, say ten days
or thirty days, and it should appear manifest from the whole
paper taken together, that the contemplated institution was not
expected to be established till the lapse of a longer period, say
six months, the contract would still have been conditional as
before, but clearly upon a condition subsequent.  The effect
would be, that the money should be paid absolutely in the
first instance, to the defendant, on condition that it be repaid,
if the institution should not be established in Lancaster within
a reasonable time.  The effect of the payment in the present
case was the same in legal effect.  If the condition was origi-
nally a condition precedent, so that the subscribers could not
have been compelled to pay, till the performance of the con-
dition by the establishment of the institution in Lancaster, this
condition was waived, and the condition in effect became a
condition subsequent.  Supposing, instead of the executory
contract, the subscription paper had imported, that the several
subscribers, with the same views and purposes as are expressed,
had actually paid into the hands of the defendant, the several
sums &c., on condition that he cause &c.  In such case, there
would be no need of any express promise on the part of the
defendant to refund the money, if the condition were not com-
plied with ; because from that time the defendant would cease
to have any legal or equitable right to hold and retain the
money ; it would be money held to the use of the subscriber,
and the law would raise a promise to pay it, and afford a rem-
edy to recover it.  We consider that the subscription paper
and the receipts together, constitute a transaction of the same
character.  The receipts prove the acceptance of the money
by the defendant, and the subscription referred to, expresses
the motives and purposes, the terms and conditions, upon which
it was paid by the one, and received by the other

It was strenuously contended on the part of one of the defendant's counsel, that these receipts did not refer to this subscription paper; that two distinct institutions were contemplated; that the defendant did in fact establish such an institution as that contemplated by the receipts, namely, a seminary for the education of the young; and that he had not admitted that he had not established such an institution. This argument was pressed with so much earnestness, that before entering the judgment, we thought it necessary to inquire whether there was any mistake of the facts, and whether the defendant meant to contend that there was more than one subscription paper, or whether the receipts referred to any other subscription, or any other institution. On such inquiry it is conceded that there never was but one subscription paper, signed by the plaintiff and George Carter, promising to pay money for the encouragement of any seminary. The argument was this; the subscription paper contemplated an institution for the preparation of teachers for common schools, connected with a school for children of both sexes; the receipts referred to a subscription to encourage the establishment of a seminary for the education of the young. If these were distinct institutions and purposes, and the defendant had established the latter, and relied upon that as a performance of the condition, he should have shown it, and not been defaulted. But upon the question being put, he does not suggest that there was any other subscription. What then is the consequence? The receipts refer to a subscription, to encourage a seminary for the education of the young. These latter words are merely descriptive of the subscription, intended to identify it, and the receipts purport to be payments due on account of that subscription. Does not the subscription, produced substantially conform to that description? Probably the education of persons to be school-teachers, like the education of persons for any other professional life, would naturally be the education of young persons. Besides, a school for children of both sexes was to be connected with it. Might not this be well described, in short terms, as a seminary for the education of the young? When therefore such a subscription was entered into, a few days before, when it is admitted that no other subscription of like

character was ever entered into by the plaintiff, is not the conclusion irresistible, that this receipt referred to that subscription, as much so as if endorsed upon it ? If so, then the admission of the defendant, that he had never established such an institution as is described in the subscription paper, is an admission that he had never established the seminary, on account of a subscription for the encouragement of which, the money was paid.

Another ground of defence relied on was, that upon the facts shown, the payment being made by Horatio and George Carter jointly, an action cannot be maintained by the plaintiff alone. Had this payment been made on account of a joint debt, this would have been a good ground of defence. But the nature and effect of this payment must be ascertained, by those of the debt. The payment is on account of their subscriptions, which were several. Suppose their several subscriptions had been made upon different conditions, as they well might be, having a right to prescribe their own terms ; the condition might fail as to one, and not as to the other ; one might recover back and not the other. Had the promise been joint, no such case could happen, because all the terms and conditions must have affected them jointly. We are therefore of opinion, that the payment must be taken to have been made for account of each separately, and therefore that the plaintiff may maintain his action severally, to recover the amount paid for his account.

I intended to have added, in connexion with the principal question, that this does not go at all upon the ground that the defendant was chargeable with any negligence, default or breach of his own contract or engagement. He did not, by accepting these subscriptions or donations, bind himself or undertake to establish a seminary, or render himself liable to the donors in damages for a failure. If he exerted himself ever so honorably and ably, and failed, it was the failure of a condition, upon which he could no longer claim to hold the money, though without any fault of his own.

*Judgment on the default*